UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS, | No. 2:12-cv-2791 CKD P |
| Plaintiff, | |
| v. | ORDER |
| RON BAYNE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On February 13, 2013, the undersigned granted plaintiff's request to proceed in forma pauperis and ordered service on defendants Parker, Lares, Whitker, Russell, and Albonico. (ECF No. 6.) Before the court is defendants' May 28, 2013 motion to revoke plaintiff's in forma pauperis status and dismiss this action on the ground that plaintiff is a "three strikes" inmate under 28 U.S.C. § 1915(g). (ECF No. 19.) Plaintiff has filed an opposition (ECF No. 22), and defendants have filed a reply (ECF No. 23). For the reasons set forth below, the undersigned will revoke plaintiff's in forma pauperis status and order plaintiff to pay the filing fee or face dismissal of this action.

////

1

I. <u>Motion to Dismiss</u>

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. <u>Stehouwer v. Hennessey</u>, 841 F.Supp. 316, 321 (N.D. Cal., 1994), <u>vacated on other grounds by</u> <u>Olivares v. Marshall</u>, 59 F.3d 109 (9th Cir. 1995).  The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three).  See <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1178 (9th Cir.1999).  28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim.  <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th Cir. 2005).  Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" <u>Id.</u>, at 1120, quoting § 1915(g).  Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike.  <u>Id.</u>  If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under § 1915(g).  <u>Id.</u>

In <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1098-99 (9th Cir. 2011), the Ninth Circuit found that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes." Thus, "a

district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal. This means a dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not." Id. at 1100 (internal quotation omitted). "If a prisoner does not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal expired." Id., n.6.

II. Discussion

Defendants contend in their motion that plaintiff's litigation history shows that he has three prior strikes. Per defendants' request, the undersigned takes judicial notice of the following cases[1]:

   1. Bontemps v. Kramer, No. 2:06-cv-2483 JAM GGH (E.D. Cal.). On November 8, 2006, plaintiff filed a pro se civil rights complaint against correctional staff and, two weeks later, a purported amended complaint. In his screening order, the Magistrate Judge found that "plaintiff has set forth no factual allegations supporting a claim of a violation of plaintiff's rights . . . and names no individual who has personally subjected him to" unconstitutional conditions. (Id., ECF No. 9 at 4.) As plaintiff failed to state a cognizable claim for relief, his complaints were dismissed with leave to amend. (Id., ECF No. 9 at 6.) On December 22, 2008, the action was dismissed for failure to timely file an amended complaint. (Id., ECF Nos. 12, 14.)

   2. Bontemps v. Kramer, No. 2:06-cv-2580 GEB GGH (E.D. Cal.). On November 17, 2006, while the above action was pending, plaintiff filed a pro se civil rights complaint against a correctional officer and a prison warden. In the screening order, the Magistrate Judge found that plaintiff's allegations were "insufficient" to comply with the notice requirement of Rule 8 of the Federal Rules of Civil Procedure; that plaintiff made no allegations at all against the warden; and that plaintiff's "conclusory" allegations against the correctional officer failed to state a constitutional claim. (Id., ECF No. 9.) As plaintiff failed to state a cognizable claim for relief,

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1    his complaint was dismissed with leave to amend. (Id.) On August 30, 2007, the action was

2    dismissed for failure to timely file an amended complaint. (Id., ECF Nos. 11, 12.)

3           3. Bontemps v. Gray, No. 2:07-cv-0710 MCE CMK (E.D. Cal.). On April 16, 2007,

4    while the above action was pending, plaintiff filed a pro se civil rights complaint challenging

5    prison officials' failure to file a staff complaint submitted by plaintiff. In the screening order, the

6    Magistrate Judge concluded that plaintiff "fails to state a claim under the civil rights act, for there

7    is no constitutional right to a prison grievance process." (Id., ECF No. 3 at 3.) As plaintiff failed

8    to state a cognizable claim for relief, his complaint was dismissed with leave to amend. (Id.) On

9    July 5, 2007, the action was dismissed for failure to timely file an amended complaint. (Id., ECF

10   Nos. 6, 7.)[2]

11          In his opposition to defendants' motion, plaintiff asserts that these three actions should not

12   count as strikes because, in each one, he was given leave to amend and the actions were dismissed

13   after he failed to file amended complaints. (ECF No. 22.) However, "[a] dismissal without

14   prejudice counts as a strike, so long as the dismissal is made because the action is frivolous,

15   malicious, or fails to state a claim." O'Neil v. Price, 531 F.3d 1146, 1154 (9th Cir. 2008)

16   (quotation omitted). Specifically, a dismissal under Federal Rule of Civil Procedure 41(b) for

17   failure to prosecute an action constitutes a strike when it is based upon the plaintiff's failure to

18   file an amended complaint after the original complaint is dismissed for frivolousness or failure to

19   state a claim. See, e.g., Peralta v. Martel, 2010 WL 2629060, *5 (E.D. Cal. 2010) (dismissal for

20   failure to file an amended complaint was a "strike" where it was "clear from the district court's

21   reasoning that failure to state a claim was a fully sufficient reason for dismissing" the complaint).

22          Thus plaintiff fails to show why any of the aforementioned actions are not strikes.

23   Moreover, plaintiff's allegations in the complaint do not satisfy the "imminent danger" exception.

24   Because the court concludes that plaintiff is a "three strikes" litigant, it need not reach

25   defendants' alternative arguments for revoking plaintiff's IFP status.

---

[2] The court also notes that plaintiff filed thirteen pro se prisoner actions in the Northern District of California in 1994 and 1995, all of which were dismissed before he filed the instant action. (ECF No. 20, Exhibits 4-16.) In four of those cases, the district court denied plaintiff's application to proceed in forma pauperis. (Id., Exhibits 7, 10, 12, 13.)

1    Accordingly, IT IS HEREBY ORDERED that defendants' motion to revoke in pauperis
2 status and dismiss action (ECF No. 19) is granted to the following extent:
3    1. Plaintiff's in forma pauperis status is REVOKED pursuant to 28 U.S.C. § 1915(g);
4    2. The order granting plaintiff's application to proceed in forma pauperis (ECF No. 6) is
5 VACATED;
6    3. The order directing the CDCR to make payments to the court from plaintiff's prison
7 trust account for payment of the filing fee for this action (ECF No. 7) is VACATED;
8    4. The Clerk of Court is directed to serve a copy of this order on:
9        (1) the Director of the CDCR; and
10       (2) the Financial Department, U.S. District Court, Eastern District of California,
11   Sacramento Division;
12   5. Plaintiff shall submit, within 21 days from the date of this order, the $350.00 filing fee
13 for this action; and
14   6. Plaintiff's failure to comply with this order will result in a recommendation that this
15 action be dismissed.

Dated: July 18, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / bont2791.threestrikes.doc